IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHANDRA R. FIELDS                                    PLAINTIFF

vs.                            Civil No. 1:08-cv-01055

MICHAEL J. ASTRUE                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Chandra R. Fields ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for DIB and SSI on October 4, 2005.  (Tr. 44-48).  Plaintiff alleged she was disabled due to lupus, a swollen heart and hip problems.  (Tr. 302).  These applications were initially denied on April 18, 2006 and were denied again on reconsideration on December 7, 2006.  (Tr. 32-38).  On December 29, 2006, Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

hearing on her applications. (Tr. 26). The hearing was held on July 12, 2007 in El Dorado, Arkansas. (Tr. 309-334). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff, Plaintiff's witness Debra White and Vocational Expert ("VE") Ken Waits testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-two (32) years old, which is defined as "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had two years of college. (Tr. 312-313).

On December 4, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 13-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 1, 2001, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the severe impairments of lupus and a history of avascular necrosis. (Tr. 17, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-16, Findings 4-6). The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and 20 C.F.R. § 404.929. (Tr. 15-16).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 14-16, Findings 5,6). Specifically, the ALJ determined Plaintiff retained the RFC for sedentary work with a sit/stand option.

The ALJ then determined Plaintiff was able to perform her Past Relevant Work ("PRW") as

a receptionist as it did not require the performance of activities precluded by her RFC.  (Tr. 17, Finding 7).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 314-316, 332-333).  The VE testified that a hypothetical person with Plaintiff's RFC could return to Plaintiff's PRW.  (Tr. 333).   The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision.  (Tr. 17, Finding 9).

On December 18, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 7-9).  *See* 20 C.F.R. § 404.984(b)(2).  On May 7, 2008, the Appeals Council declined to review this determination.  (Tr. 3-5).  On July 16, 2008, Plaintiff appealed the ALJ's decision to this Court.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on July 23, 2008.  (Doc. No. 4).

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his evaluation of Plaintiff's subjective complaints; (B) the ALJ gave improper treatment to the testimony of Plaintiff's witness; (C) the ALJ gave improper treatment to Plaintiff's medical evidence; and (D) the ALJ asked an improper hypothetical to the VE. In response, Defendant argues: (A) the ALJ properly considered Plaintiff's subjective complaints; (B) the ALJ properly considered Plaintiff's lay witness testimony (C ) the ALJ properly considered Plaintiff's limitations in the RFC determination; and (D) the ALJ posed a proper hypothetical question to the VE.

**A. Credibility Determination**

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain. In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

5

is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ evaluated the *Polaski* factors in his opinion and discounted Plaintiff's subjective complaints for legally-sufficient reasons. (Tr. 15-16). Specifically, the ALJ evaluated the nature, location, onset, duration, frequency, radiation, and intensity of Plaintiff's pain; the precipitating and aggravating factors for her pain; the type, dosage, effectiveness and any alleged adverse side effects of her pain medication; her treatment for pain other than medication; her functional restrictions; and her restrictions on daily living. (Tr. 15-16).

After reviewing those factors, the ALJ noted the following inconsistencies in the record: (1)

6

Plaintiff's daily activities are inconsistent with her alleged level of pain; (2) there was no evidence any health care provider restricted Plaintiff's activities as alleged; (3) Plaintiff's occasional exacerbation of joint pain from lupus is controlled with medication; and (4) the medical findings are not consistent with the disabling level of pain claimed by the Plaintiff. (Tr. 15-16).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. Lay Witness Testimony

Plaintiff argues the ALJ failed to properly consider the testimony of Plaintiff's friend, Debra White. (Doc. No. 6, Pg. 13-14). Plaintiff fails to direct the Court to which portions of Ms. White's testimony that were not properly considered by the ALJ. The Defendant argues the ALJ properly considered the testimony of Ms. White in finding Plaintiff not disabled. (Doc. No. 7, Pg. 5-6). In his decision, the ALJ stated he considered the testimony of Ms. White but found it unpersuasive, based on the witness's desire to see Plaintiff obtain benefits and on the witness's uncritical acceptance of Plaintiff's complaints. (Tr. 16). Such a finding is with the province of the ALJ. *See Lawrence v. Chater* 107 F3d. 674, 677 (8th Cir. 1997). In this matter, the ALJ gave proper consideration to the testimony of Ms. White.

### C. Review of Plaintiff's Medical

Plaintiff argues the ALJ ignored some of Plaintiff's medical in that Dr. Roshan Sharma did not have a complete medical file available for his review and the ALJ did not discuss the findings of Dr. Carlton Newsome. (Doc. No. 6, Pg. 14-15).

7

On March 21, 2006, Plaintiff underwent a consultative examination by Dr. Roshan Sharma. (Tr. 165-167). Plaintiff argues Dr. Sharma did not have medical records available to review and it is possible his opinions would be different had the records been available. It is speculative to assume Dr. Sharma's findings would have been different had he additional medical records to review. Further, none of Plaintiff's treating physicians have provided an opinion that Plaintiff's condition was disabling.

Based on his examination, Dr. Sharma found Plaintiff had full range of motion, with no swelling in her joints. (Tr. 166). Dr. Sharma also found Plaintiff had no limitations on her ability to sit or stand, although he felt her ability to carry, push, and pull was mildly restricted due to her complaints of joint pain. (Tr. 167).

The Plaintiff also alleges the ALJ did not discuss the report of Dr. Carlton Newsome in his opinion. (Doc. No. 6, Pg. 14). This is not the case. Although not mentioned by name, the ALJ did discuss the findings of Dr. Newsome. (Tr. 14). On October 24, 2006, Plaintiff was seen by Dr. Newsome for a general physical exam. (Tr. 253-261). The ALJ noted Dr. Newsome's exam showed mildly limited range of motion in her spine and most joints, muscle strength was normal, grip strength was good, and she was able to walk on her heels and toes. (Tr. 14). The ALJ discussed Dr. Newsome's findings that Plaintiff would not have any limits on her ability to sit, stand, walk, lift and carry objects, and handle objects. (Tr. 14).

The ALJ properly considered the Plaintiff's medical evidence.

### **D. Hypothetical Question**

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, namely the effects of Lupus, and as such, was an improper hypothetical.

The Defendant asserts the ALJ's hypothetical question was proper and included all of the credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC for sedentary work with a sit/stand option. (Tr. 17, Finding No. 6). In response to a hypothetical question containing these limitations, the VE testified Plaintiff was capable of performing her past work as a receptionist. (Tr. 332-333). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 17).

Plaintiff argues the hypothetical asked of the VE should have included Plaintiff's subjective complaints of pain. However, as stated above, the ALJ considered not only the objective medical evidence, but Plaintiff's subjective complaints in formulating Plaintiff's RFC. The VE's testimony established Plaintiff's past work as a receptionist was consistent with her abilities.

I find the ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated Plaintiff was capable of performing her past work. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **26th day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE